DOVEA M. MOYERS, Appellant, v. H. G. STUBBLEFIELD, Appellee.

**JUDGMENT:** Conclusiveness—Repleading Adjudicated Fraud.  A defendant who, in foreclosure proceedings, unsuccessfully pleads fraud in the procurement of the mortgage may not replead said fraud in an effort to enjoin the enforcement of the judgment.

**MORTGAGES:** Foreclosure—Sale—Inadequacy of Bid—Nonrelease of **Surety.**  A surety against whom (and his principal) personal judgment is rendered in foreclosure proceedings is not released from a deficiency on said judgment resulting from the fact that, at the nonfraudulent sale of the mortgaged premises under foreclosure execution, the purchaser (the judgment plaintiff) failed to bid a fair and adequate price for the property.

Headnote 1:  34 C. J. pp. 858, 909.  Headnote 2:  32 Cyc. p. 222.

*Appeal from  Clarke  District  Court.*—RAY MAXWELL, Judge.

NOVEMBER 11, 1924.

REHEARING DENIED FEBRUARY 20, 1925.

ACTION to enjoin the sale of the plaintiff's property under execution.  A decree was entered dismissing the plaintiff's petition, and she appeals.—*Affirmed.*

*Temple & Temple* and *McGinnis & McGinnis,* for appellant.

*O. M. Slaymaker,* for appellee.

FAVILLE, J.—In 1920, one John A. Moyers, the husband of appellant, exchanged with appellee certain property which he then owned in the city of Des Moines, for certain lands in Clarke County, Iowa. Values were placed upon the respective parcels of lands owned by the parties to the exchange. The balance of the purchase price moving to appellee was represented by a third mortgage upon the real estate in Clarke County. The notes and mortgage evidencing this indebtedness were signed by the said John A. Moyers and by his wife, the appellant.

Appellee subsequently sold the Des Moines property which had been conveyed to him by Moyers, to one Putnam, and thereafter Putnam brought suit to secure possession of the property. In this action, Moyers alleged that the conveyance of the Des Moines property had been obtained by fraud and deceit on the part of his grantee, Stubblefield, and prayed that the deed be set aside and the contract rescinded. Stubblefield was made a party to said action, and the cause was tried in equity, and the title of Putnam to the premises was established. On appeal to this court, the decree was affirmed. Appellant herein was not a party to said action.

Thereafter, appellee herein instituted a suit in the district court of Clarke County, Iowa, against Moyers and appellant, to foreclose the said third mortgage on the Clarke County land. Personal service of the original notice in said action was had upon this appellant and her husband, and it appears that an answer and counterclaim in said action was filed for each of said parties. In said answers and counterclaims the same character of fraud was pleaded as was interposed in the suit with Putnam before referred to. In the foreclosure action, a decree was entered upon the pleadings, the Moyers having failed to appear at the time the case was assigned for trial, and personal judgment was entered upon the two notes sued upon, against appellant herein and her husband.

Subsequently, a special execution was issued and levy made upon the mortgaged premises in Clarke County, and the same were sold under said decree. Appellee purchased the same at the execution sale, paying therefor the sum of $247.28, being $147.28 of costs and $100 on the judgment, and received the sheriff's certificate of sale. A general execution was issued on

said judgment against this appellant, and proper proceedings taken to levy the same upon real estate belonging to appellant located in Boone County, Iowa. This action is brought to enjoin the sale of appellant's property under said general execution.

As a basis for her right of recovery, appellant sets up the fact of the exchange of properties referred to, pleads fraud and misrepresentation in regard to the value of the property that was involved in the exchange between appellee and John A. Moyers, and, by reply to appellee's answer, denies that anyone was authorized to appear for her in the foreclosure case, and alleges that she signed the notes involved in the foreclosure suit as surety only.

I. We first consider the effect of the decree in the foreclosure case. It appears that appellant was duly served with original notice of the action. We are satisfied from the evidence that an appearance was entered in her behalf, and pleadings filed that were authorized by her. The record abundantly satisfies us that there was no fraud in the procurement of the judgment of foreclosure, and that in any event appellant was in default in said action, as personal service of the original notice had been duly had. The matters now urged by appellant in respect to fraud in the procurement of the original contract for the sale of the premises, if now available to appellant, were proper matters of defense which might have been pleaded by her in the foreclosure proceedings. It is also true that the claim of misrepresentation and fraud in securing her signature to the notes and mortgage which were involved in the foreclosure proceedings, was likewise available to her, if at all, as a defense in said proceedings. She cannot avail herself of any of the matters now urged by her, which necessarily inhered in the judgment and decree in the foreclosure case. The judgment and decree so obtained is not attacked for any claim of fraud in the procurement thereof. It is a valid and subsisting judgment and decree. The matters now pleaded by appellant as a defense to said action in which such decree was rendered are no longer available to her, and constitute no basis of a right to enjoin the enforcement of said judgment and decree so regularly and properly entered, with full jurisdiction of the subject-matter and

1. JUDGMENT: conclusiveness: repleading adjudicated fraud.

of the parties. This conclusion is inevitable from a mere statement of the facts in regard to the matters involved. The decree of foreclosure cannot, therefore, be set aside in this proceeding and vacated at the instance of this appellant upon the matters alleged and the showing made.

II. It is contended by appellant that she was a mere surety upon the notes which she signed and which were secured by the mortgage that was foreclosed, and that her relation of surety and her rights as such existed after the entry of the judgment of foreclosure. Such may be conceded to be the case. *Chambers v. Cochran & Brock*, 18 Iowa 159, 165.

2. MORTGAGES: foreclosure: sale: inadequacy of bid: nonrelease of surety.

Appellant's further contention at this point is that appellee owed her a duty, as such surety, to bid a fair and adequate price for the premises when sold under the special execution in the foreclosure case, and it is her contention that appellee bid in said premises at the execution sale for a grossly inadequate price.

Even though it be true that appellant was a surety on the notes, and that the decree of foreclosure did not change her position as a surety, still she would not be released as such surety by reason of the fact that appellee did not bid the full value of the premises at the sheriff's sale under the special execution. There is no claim whatever that there was any fraud on the part of any person in the manner in which the sheriff's sale was conducted. A judgment and decree had been duly entered, and special execution regularly issued, and proper levy made thereunder. The proceedings were regular in every particular.

At the sale under said execution, appellee bid for the premises the amount of the costs in said case and the sum of $100. This appears to have been the only bid made, and the sheriff's certificate was duly issued to appellee as such purchaser. It was equally available to appellant herein to have attended said sale and to have bid for said premises. The fact that appellee was the sole bidder at said sale and bid less for the equity in said premises over and above the two prior mortgages than the amount he had testified said equity was worth, in the Putnam case, is not such evidence of fraud on his part as against

this appellant as to relieve her from her liability under the judgment entered against her, even though her relation to the judgment was that of surety on the obligation involved.

No question is involved herein as to the rights of the husband of appellant, the principal debtor, and the holder of the legal title to the premises, to redeem from said execution sale, nor is there any question involved of the rights of appellant as a surety to recoup as against her principal. The sole question at this point is as to whether or not the purchase of the premises by the principal at the execution sale under the judgment against both the principal and the surety, 'for a sum less than the value of the property sold, constituted, in law, a discharge of the surety from further liability to the judgment creditor. We are constrained to hold that the purchase of the premises by the judgment creditor at the sheriff's sale, even though for a smaller sum than the fair market value of the premises, was not such fraud on the part of the judgment creditor as released the appellant, even though a surety, from her obligation to the judgment creditor, under the judgment.

Much is said in argument about the value of the premises, as disclosed by the testimony of appellee herein when a witness in the Putnam case. The value of the premises at the time of the making of the contract, in May, 1920, and at the time of the execution sale, in August, 1922, may have been, and doubtless was, very materially different. But appellant offered no proof of the value at the time of the sale. The burden rested upon appellant to establish her claim of fraud on the part of appellee in purchasing the premises at the sheriff's sale. She failed to establish her contention in this regard, and there is nothing in the record to show any act on the part of appellee that resulted in the discharge of appellant from her liability under the judgment entered in the decree of foreclosure, even though it be conceded that she was a surety upon the original obligation, and that such relation existed after the judgment had been entered. Appellant incurred a personal liability by the execution of the notes and mortgage, and is personally bound by the judgment entered against her in the foreclosure case.

The mortgage security having been exhausted in the manner provided by law, and without fraud, there is no escape from

the conclusion that the property of appellant is liable for the deficiency in the judgment rendered in the foreclosure case. An execution has been regularly issued, and levy made upon appellant's property to satisfy said judgment. We cannot stay legal process duly issued upon a valid judgment and decree, even though the ultimate result may be to work a hardship upon one who has met with financial reverses.

A careful examination of the record in the case leads us to the conclusion that the decree of the trial court in dismissing appellant's petition in this action was correct, and it must be, and is,—*Affirmed.*

ARTHUR, C. J., and EVANS and PRESTON, JJ., concur.